Rudolph S. GELLER, Plaintiff and
Respondent,

v.

John SATHER, Defendant and Appellant.

No. 8334.

Supreme Court of North Dakota.

Dec. 19, 1966.

Rehearing Denied Jan. 26, 1967.

Nelson & Mack, Grand Forks, for plaintiff and respondent.

James D. Schlosser, Sp. Asst. Atty. Gen., for Unsatisfied Judgment Fund, Bismarck.

MURRAY, Judge.

The plaintiff was injured in an automobile accident on November 11, 1964. He brought action against the defendant.

Verdict was returned on December 9, 1965. Judgment was rendered in favor of the plaintiff and against the defendant in the sum of $13,049.85, and $228.85 costs. The date of entry of judgment was December 14, 1965. Thereafter, plaintiff went through the necessary requirements to secure payment from the Unsatisfied Judgment Fund and did, specifically, on January 7, 1966, apply for payment from that Fund in the amount of judgment and costs. Thereafter, on January 21, 1966, the district judge made its order directing payment from the Fund. From this order defendant appeals.

In its order, the district court specifically found that the plaintiff was not a resident of the State of North Dakota on the date of the accident, namely, November 11, 1964. The court made a further specific finding that the plaintiff was a resident of the State of North Dakota on the 17th day of January, 1966, which was four days before the making of the order.

The order makes no reference to the status of plaintiff's residence at the time judgment was entered, namely, December 14, 1965.

We are confronted here with a clear-cut question of law based on the interpretation of Section 39–17–03 of the North Dakota Century Code, the pertinent parts of which read as follows:

"Recovery from fund—Provisions governing.—Where any person, *who is a resident of this state, recovers* in any court in this state *a judgment* for an amount exceeding three hundred dollars in an action for damages resulting from bodily injury to, or the death of, any person occasioned by, or arising out of, the ownership, maintenance, operation or use of a motor vehicle by the judgment

debtor in this state, * * *" (Emphasis ours.)

In interpreting the words "recovers * * * a judgment", "recovery of judgment" is synonymous with entry of judgment. It does, however, relate back to the time that the cause of action arose, to wit, when the accident occurred, but does not relate forward to the time when the application for payment from the Fund is made. Recently this court said, in Monson v. Nelson (October 13, 1966), 145 N.W.2d 892, 894:

"7. (Syllabus by the Court.) Where the legislative assembly has amended Section 39–17–07, N.D.C.C., increasing the limits of recovery under the Unsatisfied Judgment Fund Act and where, after the effective date of the amendment, a plaintiff recovers a judgment for damages for injuries sustained in an automobile accident occurring before the effective date of the amendment, upon such judgment becoming final by the entry of such judgment in the judgment book, and upon complying with the provisions of § 39–17–07, N.D.C.C., the judgment creditor is not entitled to recover from the Unsatisfied Judgment Fund up to the increased limits provided by the amendment, Chapter 282, § 2, Session Laws of 1963, there being no words or expressions in the amendment that it shall operate retroactively, the amendment increasing the limits of recovery from the Fund does not apply where the claim or cause of action arose prior to the effective date of the amendment."

In that case the court also said, at page 898:

"The respondents contend that the time of the recovery of the judgment is controlling rather than the time that the cause of action arose and 'that all judgments perfected after the enactment of the Unsatisfied Judgment Fund are entitled to payment out of the Fund as provided in section 39–17–07, as amended * * *.' Since the judgment here was rendered after the effective date of the

amendment, therefore, it is contended, recovery from the Fund should be had in the increased amounts provided by the amendment."

The *Monson* case, supra, is the law of this case, by which we abide. In the *Monson* case we held that, with respect to a change in limitation of amount, the crucial or key moment of time was the time when the cause of action arose, namely, when the accident occurred.

Reasoning by analogy, it is clear that in following *Monson,* we also must hold that the crucial time with respect to residency was the date when the accident occurred. As above stated, the court below specifically held that the plaintiff and judgment creditor was not a resident at the time and on the date of the accident.

The respondent attempted to argue orally that he was a resident on November 11, 1964, the date of the accident. However, the appellant resisted this contention and contends that this is not an issue in this appeal because it was not raised by appeal and the respondent here did not cross-appeal.

■ We find that this question is not before us on appeal, namely, the question of respondent's residence on the date of the accident, but we have reviewed the evidence in support of such contention by respondent and it does not support the respondent's argument that he had residence on that date.

■ The plaintiff and judgment creditor not having been a resident at the time the cause of action arose, namely, the date on which he was injured, he is not entitled to recover from the Unsatisfied Judgment Fund. The mere fact of his contribution to the Fund, by virtue of the purchase of license plates, could not have served to establish said residence.

Therefore, the order of the lower court directing payment to the plaintiff out of the Unsatisfied Judgment Fund is reversed and overruled.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.